# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-1605V
UNPUBLISHED

| | |
|---|---|
| JAMES MEASE,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: February 2, 2023<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Paul D. Bekman, Bekman, Marder, Hopper, Malarkey, & Perlin, LLC, for Petitioner.*

*Joseph Adam Lewis, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

July 22, 2021, James Mease filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Shoulder Injury Related to Vaccine Administration (SIRVA) as a result of his October 26, 2019 influenza ("flu") vaccination. Petition at 1. Petitioner further alleges the vaccine was administered within the United States, that that he suffered the residual effects of his injury for more than six months, and that there has been no prior award or settlement of a civil action on his behalf as a result of his injury. Petition at ¶¶ 2, 22-24. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 2, 2023, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent indicates that

> [m]edical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP"), have reviewed the petition and medical records filed in the case. It is respondent's position that petitioner has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI") for SIRVA.

*Id.* at 6 (citing 42 C.F.R. §§ 100.3(a)(XIV)(B), 100.3(c)(10)). Respondent further agrees

> [w]ith respect to other statutory and jurisdictional issues, the records show that petitioner timely filed his case, that he received the Flu vaccine in the United States, and that he satisfies the statutory severity requirement by suffering the residual effects or complications of his injury for more than six months after vaccine administration. *See* 42 U.S.C. §§ 300aa-11(c)(1)(D)(i).

*Id.*

In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master